# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

TIMOTHY L. POPPELL,

    Plaintiff,

v.                                          Case No.  5:18-cv-188-MCR/MJF

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to comply with two court orders and failure to prosecute.[1]

### I.  Background

Plaintiff, proceeding *pro se*, commenced this action pursuant to the Federal Tort Claims Act ("FTCA"). (Doc. 1). After a review of Plaintiff's original complaint, United States Magistrate Judge Gary R. Jones directed Plaintiff to amend his complaint. (Doc. 4).

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

On April 26, 2019, Plaintiff filed his first amended complaint. (Doc. 14). The undersigned noted that Plaintiff's first amended complaint was deficient in various respects. (Doc. 16). The undersigned, therefore, ordered Plaintiff to file a second amended complaint. (*Id.*).

On August 16, 2019, Plaintiff filed a second amended complaint. (Doc. 17). The undersigned determined that Plaintiff's second amended complaint also did not comply with the Federal Rules of Civil Procedure and ordered Plaintiff to file a third amended complaint. (Doc. 33).

On July 2, 2020, Plaintiff filed a third amended complaint. (Doc. 34). On August 10, 2020, the undersigned noted that Plaintiff's third amended complaint did not comply with the Federal Rules of Civil Procedure. (Doc. 38). The undersigned, therefore, ordered Plaintiff to file a notice of voluntary dismissal or a fourth amended complaint. (Doc. 38). The undersigned provided Plaintiff until September 9, 2020, to comply with that order. (*Id.*). The undersigned warned Plaintiff that failure to comply likely would result in dismissal of this case. Plaintiff did not comply with the undersigned's order.

On September 15, 2020, the undersigned issued an order directing Plaintiff to show cause why this case should not be dismissed for: (1) failure to comply with a court order; and (2) failure to prosecute. (Doc. 42). The undersigned imposed a deadline of September 29, 2020, to comply. As of the date of this report and

recommendation, Plaintiff has not responded to the undersigned's orders dated August 10, 2020, and September 15, 2020.

## II.   Discussion

The undersigned recommends that Plaintiff's complaint be dismissed in light of Plaintiff's failure to comply with two court orders and his failure to prosecute.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999)

(noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On August 10, 2020, the undersigned directed Plaintiff to amend his complaint or file a notice of voluntary dismissal. The undersigned imposed a deadline of September 9, 2020, to comply. Thus, Plaintiff has failed to comply with that order since September 9, 2020.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

    a.    the order issued on August 10, 2020; and

    b.    the order issued on September 15, 2020.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned warned Plaintiff twice that a failure to comply with the respective orders likely would result in dismissal. (Docs. 38, 42). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Prejudice from the dismissal.** Courts must consider whether a dismissal without prejudice would effectively be a dismissal with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). A dismissal without prejudice likely would preclude Plaintiff from refiling at least some

of the claims in this action. "Under the Federal Tort Claims Act, 28 U.S.C. § 2401(b), a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency 'within two years after such claim accrues.'" *United States v. Kubrick*, 444 U.S. 111, 113 (1979) (quoting 28 U.S.C. § 2401(b)). "The general rule is that a claim under the FTCA accrues at the time of injury." *Diaz v. United States*, 165 F.3d 1337, 1339 (11th Cir. 1999). "The rule for medical malpractice claims is that they accrue when the plaintiff knows of both the injury and its cause." *Id.*

In his second amended complaint, Plaintiff alleged a failure to inform him "of the existence of a diagnosed illness discovered during a war exam in September 1997." (Doc. 17-1 at 8). It is likely that Plaintiff knew or should have known of his alleged injury no later than when he received copies of his VA records in 1998 and 2011. (*Id.* at 3). Plaintiff did not file his original complaint until *August 20, 2018*, approximately *twenty years* after he received his medical records in 1998, and approximately eleven years after he received medical records in 2011. Accordingly, it is likely that the statute of limitations already had run as to some of Plaintiff's claims when Plaintiff initiated this action in 2018.

Furthermore, the undersigned's recommendation of dismissal is being made only after the undersigned afforded Plaintiff multiple opportunities to cure deficiencies in his various complaints. Thus, any prejudice Plaintiff would suffer from dismissal is attributable to Plaintiff's decision not to comply with court orders and submit a fourth

amended complaint that complies with the Federal Rules of Civil Procedure. The undersigned believes that Plaintiff's refusal to comply evidences willful contempt not mere negligence. *See Powell v. Harris*, 628 F. App'x 679, 680 (11th Cir. 2015) ("Dismissal with prejudice under Rule 41(b) is appropriate where there is 'a clear record of willful contempt . . . .'") (quoting *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)).

**(5)  The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard. Indeed, the undersigned provided Plaintiff multiple opportunities to amend his complaint. Plaintiff received due process consistent with the primary stage of this civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining pending and inactive.

**(6)  The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III.  Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with two court orders and his failure to prosecute.

2. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this 14th day of October, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**